UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:18-cr-00104 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 22] |
| vs. | : | |
| | : | |
| EUGENE TURNER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Eugene Turner requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposes Turner's petition.[2]

For the reasons stated below, the Court **GRANTS** Turner's motion for compassionate release.

I. Background

On March 28, 2018, Defendant Turner pleaded guilty to of one count of wire fraud.[3] On August 22, 2018, this Court sentenced Turner to 36-months imprisonment to be followed by three years of supervised release.[4]

On June 30, 2020, Turner filed the instant motion for compassionate release.[5]

For the following reasons, the Court **GRANTS** Turner's motion for compassionate release.

---

[1] Doc. 22.
[2] Doc. 23.
[3] Doc. 8.
[4] Doc. 17.
[5] Doc. 22.

Case No. 1:18-cr-00104
Gwin, J.

II. Discussion

A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[6] Here, Turner requested compassionate release and on June 2, 2020 received an denial from the Warden of his facility.[7] Because more than 30 days have passed since Turner's request, and because the Warden denied the request, he meets the statutory exhaustion requirement.

B. Eligibility

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[8] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[9] Under the compassionate release statute, the Court may "reduce the term of imprisonment and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[10]

Turner argues that his age, 65 years old, and certain medical conditions put him at higher risk of serious medical consequences, including death, if he contracts COVID-19.[11] Specifically, he states that he has hypertension.[12]

---

[6] 18 U.S.C. § 3582(c)(1)(A)(i).
[7] Doc. 22-2.
[8] 18 U.S.C. § 3582(c)(1)(A).
[9] *Id.*
[10] *Id.*
[11] Doc 22 at 8.
[12] *Id.*

Case No. 1:18-cr-00104
Gwin, J.

Turner's age and medical conditions, in conjunction with the presence of COVID-19 at FCI La Tuna, are extraordinary and compelling reasons that justify the grant of compassionate release.[13] Because Turner is at a greater risk for medical complications if he contracts the virus, Turner's health and life are in grave danger if he continues to serve his sentence at FCI La Tuna. Moreover, granting compassionate release here accords with 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statements.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Turner's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court orders that Turner shall serve a special term of supervised release for the remaining months of his sentence, with credit given for time served. The conditions of this special term of supervised release include those originally imposed at Turner's sentencing, with the additional requirement of home confinement. All other terms of Turner's original sentence, including the restitution and the three years of supervised release following completion of his sentence, remain in effect.

The Court orders the Bureau of Prisons to take measures, including a 14-day pre-

---

[13] Turner's compassionate release motion implicates the "other reasons" category of the Sentencing Commission's policy statement. USSG § 1B1.13 cmt. n.1. The "other reasons" category says that a sentence reduction may be appropriate if "an extraordinary and compelling reason other than, or in combination with, the reasons described" in the first three categories exists. USSG § 1B1.13 cmt. n.1. However, the policy is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2019) (quoting USSG § 1B1.13 cmt. n.1). Because this is no longer the law with the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one"). This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases).

Case No. 1:18-cr-00104
Gwin, J.

transfer quarantine, to ensure that Turner is COVID-19-free prior to his release.

IT IS SO ORDERED.

Dated: August 4, 2020          *s/          James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE